IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALI AHMED SHEIKH, | ) | 8:13CV184 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA | ) | |
| IMMIGRATION CUSTOMS | ) | |
| ENFORCEMENT, | ) | |
| | ) | |
| Respondent. | ) | |

Liberally construed, Petitioner Ali Ahmed Sheikh petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to remedy his alleged unlawful detention. The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether Petitioner's claim is, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner alleges that more than 180 days has passed since he was ordered removed from the United States, yet he continues to be held in the Douglas County Correctional Center.

Liberally construed, the court preliminarily decides that Petitioner's claim is potentially cognizable in federal court. *See* 8 U.S.C. § 1231(a)(1) (Immigration and Customs Enforcement must deport most people within 90 days after they are ordered deported from the United States); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (holding section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention). The court cautions Petitioner that no determination has been made regarding the merits of his claim or any defenses to it or whether there are procedural bars that will prevent him from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.    The clerk's office is directed to update the court's records to reflect that this case has been brought pursuant to 28 U.S.C. § 2241.

2.  Upon initial review of the Petition (filing no. 1), the court preliminarily determines that Petitioner's claim that he is being unlawfully detained is potentially cognizable in federal court.

3.  The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondent, the United States Attorney for the District of Nebraska, and the Warden of the Douglas County Correctional Center by regular first-class mail.

4.  By September 30, 2013, Respondent shall answer or otherwise respond to the § 2241 petition.

5.  No later than 30 days following the filing of Respondent's response, Petitioner shall file and serve a brief in response.

6.  The clerk's office is directed to set a pro se case management deadline in this matter: September 30, 2013: Deadline for Respondent to answer or respond to 2241 petition.

DATED this 29th day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.