IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALI AHMED SHEIKH, | 8:13CV184 |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA IMMIGRATION CUSTOMS ENFORCEMENT, | |
| Respondent. | |

This matter is before the court on Respondents' Second Motion to Dismiss. (Filing No. 7.)  As set forth below, the court will deny Respondents' first Motion to Dismiss (filing no. 4) as moot and provide Respondents with the opportunity to submit additional evidence in support of their Second Motion to Dismiss.

## I.   BACKGROUND

On September 30, 2013, Respondents filed a Motion to Dismiss along with a Brief and Index of Evidence in Support.  (Filing Nos. 4, 5, and 6.)  Petitioner did not respond.  (*See* Docket Sheet.)  On February 20, 2014, Respondents filed a Second Motion to Dismiss.  (Filing No. 7.)  In this Motion, Respondents state that on or about October 22, 2013, Petitioner was released from custody after U.S. Immigration and Customs Enforcement determined that their efforts to remove Petitioner would be unsuccessful.  (*Id*.)

## II.   ANALYSIS

Individuals seeking release from the custody of the United States through a habeas corpus petition must be "in custody."  28 U.S.C. § 2241(c).  An individual

satisfies the "in custody" requirement if he is incarcerated "at the time the petition was filed" and a petition for a writ of habeas corpus does not become moot simply because the petitioner fulfills his sentence. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, if a petitioner is released from custody while his habeas corpus petition is pending, the petition is moot unless "some concrete and continuing injury other than the now-ended incarceration . . . some 'collateral consequence'" exists. *Id.* (citation omitted). Such "collateral consequences" are required in order to satisfy the jurisdictional "case or controversy requirement" for federal judicial proceedings. *Id.* Stated another way, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," or his petition is moot. *Id.* (quotation omitted).

Although Petitioner filed his Petition while he was still in custody, Respondents state that he has been released and his Petition is moot. (Filing No. 7.) However, Respondents have not provided any evidence showing that such a release actually occurred. (*See* Docket Sheet.) Accordingly,

IT IS THEREFORE ORDERED that:

1. Respondents' first Motion to Dismiss (filing no. 4) is denied as moot.

2. Respondents shall have until March 24, 2014, to supplement the record with sufficient evidence to show that Petitioner is no longer in custody.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 24, 2014: Check for supplement.

4. Petitioner shall have until April 19, 2014, to file a response to Respondents' Second Motion to Dismiss.

DATED this 26th day of February, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.